# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | | |
|---|---|---|
| RICHMOND MADDEN, SR., | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:16-CV-482-JRG-SKL |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLIE JENKINS, JAMES POPE, III, | ) | |
| and THOMAS W GRAHAM, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Pro se plaintiff, Richmond Madden, Sr., brings this action under 42 U.S.C. § 1983 against Charlie Jenkins, James Pope III, and Judge Thomas W. Graham. The Court entered an order of deficiency on December 13, 2016 due to Plaintiff's failure to pay the required filing fee or submit the necessary documents to proceed without prepayment of costs and fees [Doc. 3]. In compliance with the Court order, Plaintiff filed a request with the Tennessee Department of Correction requesting a print out of his account history [Doc. 4-1]. In response to his inquiry, Plaintiff was provided with a Trust Fund Account Statement dated November 16, 2016 showing a current balance of $75.00 [Doc. 4-2]. The document provided failed to show the balance for the previous six months as was ordered by this Court. However, in *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), the Sixth Circuit instructed that inmates are not to be penalized due to the recalcitrance of prison officials, and that "a case may not be dismissed when the payment of an assessment has been delayed by prison officials." *Id*. at 607-08. Despite the importance of the missing trust account statement, *id*. at 607 (calling the trust account the "key to the assessment procedure") because

Plaintiff's efforts to obtain it have been unsuccessful, and because he is not at fault for the omission of this document, his case will advance in the typical fashion. Accordingly, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**[1].

## I. Screening the Complaint

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

In screening this complaint, the Court bears in mind that pro se pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, the pleading must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The "facial plausibility" standard does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citations and internal quotation marks omitted). The standard articulated in *Twombly* and *Iqbal* "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

---

[1] Since Plaintiff is no longer incarcerated, no filing fee is assessed.

To state a claim under § 1983, Plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Black v. Barberton Citizens Hosp.,* 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett,* 932 F.2d 502, 504 (6th Cir. 1991).

## II. Plaintiff's Allegations

Plaintiff complains that Detective Charlie Jenkins arrested him "under false pretenses" [Doc. 2 p. 3]. Plaintiff argues that there was no reason for him to be arrested or prosecuted for "possession of meth for resale" [*Id.*].

At his trial, Plaintiff claims that both Detective Jenkins and Assistant D.A. James W. Pope III used Plaintiff's race as evidence against him [*Id.*]. Plaintiff asserts that his constitutional rights were violated when Judge Graham denied his motion for judgment of acquittal even though there "was no way any reasonable human being could have found [him] guilty" for his accused crime [*Id.*].

In sum, Plaintiff alleges that on February 16, 2016 his constitutional rights were violated when he was "falsely arrested and jailed", "extorted through bond", "prejudicially prosecuted" and "denied [his] freedom by ignorance" [*Id.*].

## III. Discussion

Plaintiff's claims that he was "falsely arrested and jailed", "extorted through bond", "prejudicially prosecuted" and "denied [his] freedom by ignorance" are barred by *Heck* because the claims necessarily imply the invalidity of Plaintiff's convictions and sentences. *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a plaintiff cannot pursue a § 1983 claim that, if successful, would necessarily imply the invalidity of a previous conviction or sentence, unless

3

the plaintiff can demonstrate favorable termination of the prior conviction or sentence. *Id*. at 487. The Supreme Court held:

> [i]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or call into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983.

*Id*. at 486-487 (footnote omitted).

Plaintiff's sentence has not been favorably terminated as required by *Heck v. Humphrey*, 512 U.S. at 486-87. Plaintiff does not allege, and nothing in the record before the Court demonstrates, that he has successfully challenged his conviction and sentence.

Here, success on Plaintiff's claims would necessarily imply the convictions and sentence are invalid because his underlying claims are that Detective Jenkins arrested him under false pretenses leading to the prejudicial prosecution by Assistant D.A. Pope and resulting in his illegal conviction. Plaintiff's arguments, assuming they are true, are precisely the type prohibited under *Heck's* favorable termination rule, as relief on any claim alleged would imply the invalidity of his conviction and sentence which have not been reversed or set aside. *See Skinner v. Switzer*, 131 S.Ct. 1289, 1300 (2011) (noting *Brady* claims are outside the province of § 1983).

In addition, Defendant, Judge Thomas W. Graham, is a circuit court judge for the Twelfth Judicial District Circuit Court in Tennessee. It is well established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 386 U.S. 547 (1967). This is true even if a judge acts erroneously. *Stump v. Sparkman*, 435 U.S. 349 (1978). When the function complained of is truly a judicial act, judicial immunity applies. *Yarbrough v.*

4

*Garrett*, 579 F.Supp.2d 856, 860 (E.D. Mich., 2008) (citing *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994)). There are no facts alleged reasonably suggesting Judge Graham acted outside the scope of his official duties. Judge Graham definitely acted within the scope of his official duties in presiding over Plaintiff's court case and ruling on his motion for acquittal.

Moreover, prosecutors are absolutely immune from liability under § 1983 for their conduct as long as that conduct is intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "The analytical key to prosecutorial immunity . . . is advocacy whether the actions in question are those of an advocate." *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) (citations and internal quotation marks omitted). There is no indication in the Complaint that Assistant D.A. James Pope III acted outside of the scope of his responsibilities.

**IV. Conclusion**

Accordingly, because Plaintiff's claims are *Heck*-barred, Plaintiff's complaint is *sua sponte* **DISMISSED** for failure to state a claim upon which relief can be granted pursuant to 28. U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

**AN APPROPRIATE ORDER WILL ENTER.**

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE
